'IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ANIYA K.,[1]

       **Plaintiff,**

   v.

**COMMISSIONER OF
SOCIAL SECURITY,**

       **Defendant.**

Civil Action 1:22-cv-683
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Aniya K. previously received Social Security Supplemental Security Income benefits ("SSI") based on disability as a child. When she turned eighteen years old, the Commissioner of Social Security ("Commissioner") redetermined her eligibility for benefits as an adult as required by 20 C.F.R. § 416.987 and found that she was no longer under a disability. Plaintiff brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner finding she was no longer qualified for SSI. This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 12), Plaintiff's Reply (ECF No. 14), and the administrative record (ECF No. 8). For the reasons that follow, the Court **REVERSES** the Commissioner of Social Security's nondisability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

I.     **BACKGROUND**

Plaintiff was originally found disabled as a juvenile at 4 years old in May 2004, due to communication/speech and language delays and comprehension issues. (R. at 74, 92-107, 348-49.) The Commissioner conducted a continuing disability review after Plaintiff reached age 18, and on September 24, 2018, Plaintiff received a notice that her disability was terminated because under the disability rules for adults, she was no longer disabled. (R. at 113-19.) Plaintiff requested reconsideration and the decision was affirmed on September 16, 2019, by a State Agency Disability Hearing Officer. (R. at 140-55.)

Thereafter, Plaintiff sought a *de novo* hearing before an ALJ (R. at 156-60.) Plaintiff, who was represented by counsel, appeared and testified at a video hearing held on July 19, 2021. (R. at 32-73.) A Vocational Expert ("VE") also appeared and testified. (*Id.*) Administrative law judge Lloyd E. Hubler III (the "ALJ") issued a decision finding that Plaintiff's disability ended on September 24, 2018, and that she has not become disabled again since that date. (R. at 12-31.) On September 22, 2022, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-6.)

II.     **RELEVANT RECORD EVIDENCE**

The Court has thoroughly reviewed the transcript, including Plaintiff's medical record, function and disability reports, and testimony about his conditions and resulting limitations. Given the claimed errors raised by Plaintiff, rather than summarizing that information here, the Undersigned will refer and cite it as necessary in the discussion of the parties' arguments below.

2

### III. ADMINISTRATIVE DECISION

On September 15, 2021, the ALJ issued his decision. (R. at 12-31.) At step two of the sequential evaluation process,[2][3] the ALJ found that since September 24, 2018, Plaintiff has had the following severe impairments: attention deficit hyperactivity disorder (ADHD) and borderline intellectual functioning (BIF). (R. at 17.) He further found that since September 24, 2018, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 18.)

---

[2] The first step of the five-step sequential evaluation of the evidence is to apply the rule used for individuals who are engaging in substantial gainful activity. 20 CFR § 416.920(b). However, this step is not used for redetermining disability at age 18. *See* 20 CFR § 416.987(b).

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform her or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC"), in pertinent part, as follows:

> [S]ince September 24, 2018, [Plaintiff] has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to perform simple, routine, repetitive (1-3 step) tasks without strict production requirements (i.e. no assembly line work) in a routine work setting with only occasional changes which are explained in advance.

(R. at 19.)  At step four of the sequential process, the ALJ determined that Plaintiff has no past relevant work.  (R. at 23.)  Relying on the VE's testimony, the ALJ concluded that since September 24, 2018, Plaintiff can perform other jobs that exist in significant numbers in the national economy.  (R. at 23-24.)  He therefore concluded that Plaintiff's disability ended on September 24, 2018, and she has not become disabled again since that date.  (R. at 24.)

## IV.  STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting

4

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. ANALYSIS

Plaintiff sets forth three main contentions of error: (1) that the ALJ erred in failing to evaluate Plaintiff's case in a manner consistent with Social Security Ruling ("SSR") 11-2p, and that the ALJ's findings are not supported by substantial evidence; (2) that the ALJ erred in failing to find Plaintiff's intellectual disability is a severe impairment and in failing to find she meets the criteria of section 12.05 of the listing of impairments; and (3) that the ALJ erred by relying on an improper hypothetical to the VE which does not constitute substantial evidence of Plaintiff's vocational abilities. (ECF No. 10 at PAGEID # 852.) As discussed below, the Court finds Plaintiff's first assignment of error to be well taken, at least insofar as the ALJ's RFC is not supported by substantial evidence. This finding obviates the need for in-depth analysis of the remaining issues. Thus, the Court needs not, and does not, resolve the alternative bases that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

As to Plaintiff's first assignment of error, the Court finds that the ALJ did not accurately discuss the objective medical evidence which he stated was "inconsistent with [Plaintiff's] subjective allegations of limitation." (R. at 20.) Specifically, the ALJ stated that Plaintiff's "October 2017 individualized education plan (IEP) notes **[Plaintiff] was performing at a 7th grade level in math calculation, basic geometry, and reading skills** and no longer displayed a struggle to handle her frustration or being frustrated." (*Id.* (citing R. at 503) (emphasis added).) But this statement materially misrepresents the record, as Plaintiff's October 2017 IEP confirms the opposite – Plaintiff was *not* academically performing in such a manner. As Plaintiff correctly notes, her October 2017 IEP actually shows that her "**reading comprehension skills [were] at the 1st grade level** and she struggle[d] with 4 letter vocabulary words," her "**math skills past basic addition [were] not developed**," and she was "**making limited progress on working on basic addition/subtraction** and counting coins/money." (R. at 503-504 (emphasis added).) It appears to the Court that instead of acknowledging these findings, the ALJ inexplicably adopted the school district's *goals* for Plaintiff's *future* progress, which read as follows (under the heading "FUTURE PLANNING"):

> The school team **would like to see** Aniya explore job activities/roles in preparation for post-secondary education/employment, as well as continue to grow in her math skills, writing skills and reading comprehension skills. The essential skills for her field of interest include visual acuity, the ability to get along with others. The essential academic skills are **math calculation with whole numbers, decimals and fractions and basic geometry, reading skills at the 7th grade level**.

(R. at 503 (emphasis added).) Contrary to the ALJ's account, there is no indication in the record that Plaintiff ever attained these levels of reading or math skills.[4]

---

[4] Plaintiff's 2018 IEP, which the ALJ reviewed and cited, confirmed that Plaintiff's reading and math skills had not progressed since her 2017 IEP. (*See* R. at 566-567 (incorporating Plaintiff's needs from the October 2017 IEP into the October 2018 IEP); R. at 575 (stating that Plaintiff's

6

The Court does not take the ALJ's mischaracterization of the record lightly.[5] *Johnson v. Comm'r of Soc. Sec.*, No. 2:16-CV-172, 2016 WL 7208783, at *4 (S.D. Ohio Dec. 13, 2016), *report and recommendation adopted*, No. 2:16-CV-172, 2017 WL 375707 (S.D. Ohio Jan. 25, 2017) ("This Court has not hesitated to remand cases where the ALJ engaged in a very selective review of the record and significantly mischaracterized the treatment notes.") (citing cases). To be clear, the ALJ is not required to discuss all of the record evidence in detail – but he must accurately portray those that he did. *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 788 (6th Cir. 2009) ("Because the ALJ does not accurately state the evidence used to support his finding, his total discounting of the [] impairment is not supported by substantial evidence."). Here, while the ALJ accurately recognized many of Plaintiff's limitations, he ultimately disregarded her limitations based on an inaccurate understanding of her intellectual abilities. While it is possible that the ALJ still could have reached his conclusion had he accurately understood Plaintiff's abilities, that is not for this Court to speculate. *Querin v. Comm'r of Soc. Sec.*, No. 3:20-CV-1760, 2023 WL 6348209, at *1 (N.D. Ohio Sept. 29, 2023) ("The Court's obligation is to review the ALJ's rationale, not invent a new one or speculate as to how the ALJ might have reached her conclusion.") (quoting *Freeze v. Comm'r of Soc. Sec.*, No. 18-12960, 2019 WL 4509130, at *2 (E.D. Mich. Sept. 19, 2019)).

---

"Stanford Reading Score was in the 1st grade level," and setting "2nd grade reading articles" as a goal for the academic year).)

[5] The Court notes that despite being put on notice that the ALJ materially misrepresented the record, the Commissioner's response brief does not acknowledge the ALJ's error, let alone dispute it or attempt to argue harmless error. (*See* ECF No. 12.)

To this end, because the ALJ did not accurately portray the record, the Court is unable to understand how he arrived at his conclusion, nor can the Court confirm that the ALJ's decision is supported by substantial evidence. *Charles K. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5111, 2022 WL 1044722, at *6 (S.D. Ohio Apr. 7, 2022), *report and recommendation adopted*, No. 2:21-CV-5111, 2022 WL 1211427 (S.D. Ohio Apr. 25, 2022) ("Given the ALJ's mischaracterization of [the] physical examinations and unexplained conclusions as to supportability and consistency, the undersigned cannot trace the ALJ's path of reasoning or discern what evidence the ALJ relied upon[.]"); *see also Kevin B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2552, 2023 WL 4199086, at *7 (S.D. Ohio June 26, 2023) ("The Court is simply unable to understand how the ALJ arrived at his conclusions, thereby preventing the Court from meaningful judicial review."). Under such circumstances, remand is required. *Charles K.*, 2022 WL 1044722, at *6 (citing *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (finding that "the ALJ's decision still must say enough 'to allow the appellate court to trace the path of his reasoning.'") (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

## VI.   CONCLUSION

For these reasons, Plaintiff's Statement of Errors (ECF No. 10) is **SUSTAINED,** the decision of the Commissioner is **REVERSED** and that this action is **REMANDED** under Sentence Four of § 405(g).   The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**Date: January 5, 2024**          */s/ Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **UNITED STATES MAGISTRATE JUDGE**